The next matter, number 23-1168, Brian Smith v. Prudential Insurance Company of America. At this time, would counsel for the Appellant Smith please introduce himself on the record to begin? May it please the Court, George Lieberman for Plaintiff Appellant Brian D. Smith. With the Court's permission, I'd like to reserve two minutes for rebuttal. You may. Thank you, Your Honor. We request that the Court reverse the judgment of January 23, 2023, in order that judgment be ended in favor of the Plaintiff Appellant Brian D. Smith on the legal issue of the timeliness of the filing of his complaint. This is a diversity action, a breach of contract by Mr. Smith against Prudential for wrongfully terminating his long-term disability benefits. Briefly, the facts, background facts, Mr. Smith found that he was having memory difficulty in 2015. He sought medical care at Lahey Medical Center. He was examined by several doctors. He underwent a battery of tests. A board-certified neurologist determined he had mild cognitive impairment. A medical doctor specializing in occupational medicine determined that he could not work. He stopped working as of October 31, 2015, and has never resumed working. Counsel, if I may? Yes, Your Honor. Because I think we are familiar with the facts. Thank you. I just want to focus your attention to the argument that you made so that I make sure I understand it. Are you arguing that this limitations provision in the contract, in the certificate of insurance, that it is directly prohibited by the Rhode Island Constitution, that it violates that constitutional provision? Or are you arguing something slightly different? Slightly different, Your Honor. I apologize if I didn't make this clear. The policy itself, because the policy by its terms provides that Prudential at any time and any number of times can require the insured to be interviewed and or examined, and that at any time Prudential wants, it can terminate the disability benefits. It could do it one day before the three-year limitation period expires or one day after the three-year limitation period expires. So you're saying the entire policy violates the Rhode Island Constitution? Giving Prudential that right violates the Constitution of Rhode Island, Article I, Section 5. Can I ask you a further question about that, which is I'm just trying to understand. This is an agreement between two private parties. Does there have to be state action for that constitutional provision to apply here? No, Your Honor. Can you explain why? We presented several arguments to the trial justice below, two of which, in her opinion, are memorandum in order of January 23rd. She addressed and she rejected three others that we presented at length to the trial justice. She did not address in her memorandum in order. She gave no reasons why she rejected them. So we are uncertain what the basis of her decision was. The three arguments, in short, we referred to them as fundamental policy, missing contract terms, and contrary to federal law. The facts are particularly important, so I'll briefly review them. Prudential admits it's an unambiguous contract. Prudential says enforce it according to its terms. We agree to apply the standard contract rule of interpretation. Each and every word of the contract is given full force and effect. Prudential, in its denial letter, its final denial letter of August 28th, 2019, did not advise Mr. Smith of the time, the date by which he had to file a lawsuit. Prudential admits it. But why does that, if this were an ERISA plan, that would matter? I'm sorry. If this were an ERISA plan, that would matter a lot? This is not, if I might, the district court specifically found that this is not a plan that is governed by ERISA. And so that failure to indicate the statute of limitations in the denial letter is of no consequence. And what I find puzzling, counsel, is that in this case, the district court found that you had six months to file the complaint and that six months may not be a long time, but there's nothing inherently unreasonable about that. So you might be able to argue there are scenarios in which Prudential could unfairly apply the statute of limitations, but that's not this case. So why doesn't, why don't the facts of this case matter as opposed to these hypotheticals where the policy could be misapplied? Your Honor's first observation, limitation provision, the three-year limitation provision, that that provision says three years you have to bring your lawsuit unless contrary to federal law, unless otherwise provided by federal law. Those are the terms. Unless otherwise provided by federal law. No one claims that that's ambiguous. What does that, if you're giving force and effect to that clause drafted by Prudential, what does that mean? Prudential has admitted. But what does it mean in the context of this case? Because the court found that this is not a ERISA plan and therefore federal law is inapplicable. And you're not making an argument that they should be stopped somehow because they were misleading your client or they detrimentally relied upon a belief that ERISA law applied because of some action on the part of Prudential? Absolutely not making any such argument. The argument we're making is that there's an insurance policy, that the terms of the insurance policy should be enforced. Prudential says the three-year period is not applicable if it's otherwise contrary to federal law. That's the contract. All we are asking is that you enforce the contract terms. If it's contrary to federal law, Prudential says, not me, Prudential says, then the three-year limitation period doesn't apply. But how is this contrary to federal law? It's contrary to federal law because, as Prudential admitted, ERISA is a significant federal law. In its instructions to its claim personnel, Prudential told its claim personnel, number one, apply ERISA claim procedure to ERISA policies and to non-ERISA policies. The district court dealt with that, basically said that's sort of an aspirational internal policy. It was not part of the contract with the insured. So, I mean, what's wrong with that? That invocation, internal invocation of ERISA never became part of the contract with your clients. What's wrong with that analysis? We're not pressing that that is a creative duty on ERISA, on Prudential. What we are saying is that Prudential recognized that ERISA was a significant federal law. In the provision, it says, unless contrary to federal law. What federal law are we talking about? We're talking about ERISA. Counsel, can I ask you to focus more on the state law issues? You argued that Rhode Island law needed to apply to this contract. I'm sorry, I didn't hear you. You argued that Rhode Island law should have been applied to the contract, right? Yes, you're right. Can you just again elaborate on that and how that connects to the Rhode Island constitutional provision? Yes. Obviously, Rhode Island law does not apply. Its constitution doesn't apply. So, Mr. Smith is a citizen of Rhode Island. He used to be performance by Prudential. Prudential used to pay him in Rhode Island. If Prudential doesn't pay him, the harm occurs in Rhode Island. Prudential wants New York law to apply. It's not a citizen of New York. It's a citizen of New Jersey. The contract is between Chase Bank and a trustee of the association. Neither Chase Bank nor the association are parties to this lawsuit. If there were a conflict between those entities, then New York law might apply. But we're talking about a Rhode Island citizen and a New Jersey corporation. Why should we apply New York? What is the significant relationship of New York to this contract or these parties? There is none. I don't understand what turns on this choice of law issue. I mean, both New York and Rhode Island seem to have the same law. They have a three-year statute. Both New York and Rhode Island say that an insurance contract can provide for a statute of limitations that is less than the otherwise applicable statute of limitations. Here you have a contractual statute of limitations, which is perhaps less than the otherwise applicable statute of limitations. Why doesn't the contractual statute of limitations control in light of that law in both states? It doesn't control, Your Honor, because Prudential has said in its limitation provision that the limitation provision doesn't apply if it violates federal law. That's what Prudential says in the contract. Those are the terms of the contract. It couldn't be any clearer. If you take Prudential at its word, what it said in the contract, and you enforce the contract according to the terms drafted by Prudential, the three-year limitation period violates ERISA, a significant federal law, as Prudential admits. The denial letter doesn't contain the required notice, as this Court pointed out in Santana-Diaz. It's prejudicial per se if you don't provide that in the final letter. So it's ERISA's policy. By Prudential's drafting of its policy, its terms, what I am trying to explain is that Prudential has said that our three-year limitation period doesn't apply if it violates ERISA. Thank you, counsel. Thank you, Your Honor. Thank you, counsel. At this time, if counsel for the appellee would please introduce himself on the record to begin. May it please the Court? I'm Ian Morrison. I represent the Prudential Insurance Company of America in this case. Our view is that the Court should affirm this is a straightforward and sensible contract resolution that the Court reached below. The contract controls here. The contract is clear. We just heard counsel say that the contract is unambiguous. There's no state law and, importantly, no federal law that requires a different outcome. As Judge Lipp has recognized, both New York and Rhode Island law enforce shortening of the statute of limitations. In fact, both enforce the limitations period in an insurance contract. In fact, both states have insurance codes that essentially mandate the same language that appears in this policy. Counsel, it may not matter in the end, but this is one of the strangest contractual statute of limitations provisions I think I've ever seen. I mean, it triggers the three-year statute of limitations on the filing of a proof of claim, but you have a situation where internal administrative processes could be taking place that might change a denial of benefits, and while that process is going on, it would be, I assume, premature to file a lawsuit, and yet if the triggering date is when the proof of claim is filed, the statute of limitations could be running in a circumstance where it would be premature to file the lawsuit. I mean, it really is one of the strangest, most consumer-unfriendly statute of limitations I've ever seen. It's pretty odd, isn't it? Well, I actually would disagree, Your Honor. I trust you might. Well, this isn't an ERISA case, but the Supreme Court in the Himeshoff decision addressed the same language, which it noted is pervasive, that it's sort of in the standard insurance code language adopted by many, many states. I think almost all of them have language that is similar to this, and the issue in the Himeshoff case, which the court was struggling with, was the one you're recognizing, whether you have to, in the ERISA context, potentially have competing policies of the exhaustion of administrative remedies and the running of the clock, and the court said, the clock's running, and you may have to file a suit before those processes are over. The other thing I would point out is that the courts have recognized, and as we noted in our brief, in situations where the insurer is continuing to process the claim, so the scenario that counsel suggests where they do an IME on three years minus one day, and three years plus one day send a letter saying we're denying the claim, there is ample case law that suggests that in those circumstances, traditional doctrines like estoppel would apply, and preclude the insurance company from arguing that this person was boxed out, because the insurance company has engaged in conduct suggesting the claim may continue to be paid. The Hay versus Pawtucket case, it's 824A2nd at 460, talks about the estoppel doctrine, the same is true in the national refrigeration case, 947A2nd at 910 and 911. Counsel, isn't part of the problem, you started your argument saying we should affirm, the court has addressed, the district court addressed all the arguments, but I think part of the problem here is the district court I don't think did address all of the arguments, it did sort of an initial analysis of federal law and then it stopped, and I just didn't see anything in the district court's decision below that addressed the other arguments the plaintiff had been making, including the choice of state law arguments, and the fact that this policy was inconsistent with the Rhode Island constitution, so I'm just wondering if you can respond to that, because I just didn't see that in the district court's opinion, do you see that in the district court's opinion? No, your honor, I don't see that, but as we noted in our brief, we're here on de novo review, this was a summary judgment decision under rule 56 and this court can affirm on any basis that's evident from the record, so I think this court can independently analyze those issues, I'm happy to address them, we don't believe that there's any basis to those state law arguments. Why not? Well, first of all, under the choice of law issue, the Rhode Island courts follow the restatement of conflicts of law, and I believe it's section 187 sub 1 basically makes clear that for purposes of conflicts of law, if the provision at issue or the subject at issue is one the parties can put into their contract explicitly, then the courts should just defer to that choice by the parties, and here there's nothing that says the parties can't contract about what the limitation period is, and they put that in the contract. Let me just stop you there, because when I read the precedent, it seemed clear to me, but you can tell me if you disagree, that if Rhode Island courts find that there was no substantial relationship to the choice of law, which you say is New York here, if there's no substantial relationship between the parties and the contract to the state that's chosen, then the Rhode Island courts will actually do an analysis of which state has the closer context, which state should be, whose law should apply. Well, I think that the courts are relying on the restatement, and the restatement is broken out into two parts. I mean, section 1 of 187 says basically if the parties have the ability to contract about this particular subject matter, that that should be deferred to, and then if it's not something they can contract about, then you go to the state interest level. So I'm not sure that the law in Rhode Island clearly supports the view that simply the significant context is enough, but in any case, one of the things that Plaintiff has sort of glossed over in this case is this is a group insurance contract. This individual was covered under the American Institute of CPA's insurance trust policy that operates nationwide. It's a New York trust that owns the policy. There is a very good reason why New York law applies to this policy, so that they can have a uniform system of rules governing people's insurance that they obtain under the group policy. But the insurance certificate was issued by Prudential. I mean, it says it very clearly when you look at the face of it, and it says Prudential's principal place of business is New Jersey, and the insured here is Rhode Island. So I'm not sure what difference it makes that the group contract, I mean, the plaintiff here was interacting with Prudential, not with Chase. That's true. That's true. And I think that the further sort of point to keep in mind is it ultimately doesn't make a difference, because New York law and Rhode Island law are the same. They both permit this shortening of statute of limitations, which gets to the constitutional point that counsel raised. First of all, it's not at all clear that at least the cases that have been cited don't suggest that that constitutional prohibition applies to private contracts. Secondly, the cases in which it has been enforced are ones where the right to sue is extinguished entirely. So the most recent one that counsel cited involves what's called the civil death statute. So when somebody's convicted of a crime in Rhode Island, they were, at least before it was ruled unconstitutional, essentially their right to sue was extinguished, even if they then suffered an injury which otherwise would have been actionable. And the court said, well, that is incompatible with the Constitution. The much earlier decision, the Kennedy decision, dealt with a product liability statute of repose that said you can't bring a product sued more than 10 years after the product's first introduced into the market, even if you were injured by it 15 years later. The court said you can't do that. You cannot extinguish preemptively the right to sue. Here, that's not the case. As the court observed, he had at least six months, if not a year, depending on how you interpret the tolling provision in the policy, to file suit after Prudential denied his claim. He was clearly on notice that his claim was being denied. He clearly had time to pursue the lawsuit. And even if we were in that situation where it's denied at three years and one day, he could have argued under traditional doctrines recognized in Rhode Island and many other states that Prudential has stopped to enforce this provision against him in that unique circumstance. And so we don't think the state law issues would save him here. This is simply a matter where the contract is very clear and is very consistent with the state rules. The notion that this somehow violates public policy, I don't think, can be squared with the fact that it's in the insurance code. Clearly, the Rhode Island legislature, in adopting the code and empowering the insurance commissioner to enforce it and require this language in policies, has concluded that that is consistent with the public policy of the state. And so we don't think there's any basis to rule for the plaintiff on the state law arguments. And finally, on the federal law question, I think the court's questions of my colleague are on point. There is no federal law that applies here. We're not saying that this language should be written out of the policy. There might be a circumstance where this policy, because it's a group policy, could be bought by somebody on behalf of an employee. There's never an argument that Mr. Smith bought this coverage or obtained this coverage other than through purchasing it himself directly through the AICPA Insurance Trust, which would leave it squarely within the realm of individual insurance and not subject to federal law. I understood their argument to be that the language, unless otherwise provided by federal law, is intended to mean that federal law is applicable. That seems to be their saying how the contract should be read. I'm unclear on what they're arguing, because at page 6 of the opening brief, plaintiff disavows the argument that federal law applies to this policy. That was the whole argument below, or most of the argument below was that this is, in fact, an ERISA policy somehow. And now on appeal, that's been withdrawn. There's never been an argument that there's some federal law that applies to this policy in this instance, in this particular case, on these facts that would preclude the application of the 3-year limitation period. I'm sorry, you think they disavowed that at page 3 of their brief? I believe it's page 6, Your Honor. But one of their questions that they're asking us to review was whether the district court was incorrect in failing to give force and effect to the clause in the policy, providing that it was ineffective if contrary to federal law. Yes, that's correct. But then at page 6, plaintiff says, plaintiff does not challenge in his appeal the district court's ruling that ERISA does not control the policy, or the credential was not bound to follow its internal policy of applying ERISA claims procedures in both ERISA and non-ERISA policies. But aren't those different things? I think what your opposing counsel has argued is those are different things. Well, they would still have to identify some federal law that applies. And the only federal law that's been talked about is ERISA. And plaintiff is admitting that ERISA doesn't apply. But he's saying even though ERISA doesn't apply, ERISA law applies. What the policy says plainly is, to make sure I get the language right, that you can file suit up to three years from the time proof of claim is required unless otherwise provided under federal law. There is no provision of federal law that says in this instance, in this case, on these facts, that three years is unenforceable. And that's our view of this, that in this case that language doesn't apply. There may be a case where it does. Thank you. Thank you, counsel. If counsel for the appellant would reintroduce himself on the record to begin, he has a two-minute rebuttal. George Lieberman for the plaintiff appellant. I, distinguished brother, admitted in response to a question that the prudential insurance policy violates the Rhode Island Constitution, in that, by its terms, it can deprive an insurer of its right to infirmity. It has said that. That's why we are advocating the application of Rhode Island law. My brother refers to the conflicts of law, the restatement, this is page 24 of his brief. The place of performance of one of the parties. Prudential has to pay Mr. Smith in Rhode Island, the place of performance is Rhode Island. The second factor, domicile of one of the parties. Mr. Smith is a domicile citizen of Rhode Island. The third factor, principal place of business of a party. Prudential is a citizen of New Jersey. There is no party from New York interested in this lawsuit. Prudential hasn't joined any party who has an interest in this lawsuit, who lives or domiciles or works or has any connection with New York, and no party from New York has moved to intervene in this lawsuit. The only parties are Mr. Smith in Rhode Island and Prudential in New Jersey. My brother takes a snippet of our brief, which was intended to say to this court, we are not, and we are not, and we do not take the position that this is an ERISA policy. Whether it's an ERISA policy or whether it's not an ERISA policy is completely irrelevant to our position. Our position is this is a contract, enforce the terms of the contract as written by Prudential. Unless otherwise provided by federal law, Prudential recognizes ERISA as a federal law, Santana controls because Prudential did not notify Mr. Smith of the date by which he had to bring the lawsuit. In that event, you default to the statute of limitations of the forum state under Santana. Diaz, Rhode Island law, controls its 10-year breach of contract statute of limitations. Thank you, Your Honor.